IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEYSHA HARTMAN,                         :
    Plaintiff,                        :
                                      :
    v.                                :    CIVIL ACTION NO. 26-CV-0915
                                      :
CITY OF PHILADELPHIA, *et al.*,         :
    Defendants.                       :

## MEMORANDUM

**COSTELLO, J.**                                      **APRIL 17, 2026**

Plaintiff Keysha Hartman, an unrepresented litigant, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983, asserting violations of her constitutional rights arising from the April 6, 2022 shooting death of her son.  Currently before the Court are Hartman's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and her Complaint ("Compl." (ECF No. 2)).  Hartman asserts claims against the City of Philadelphia, the "Philadelphia Police, 9th District," and Philadelphia District Attorney Lawrence Krasner.  (Compl. at 3.)  For the following reasons, the Court will grant Hartman leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.      FACTUAL ALLEGATIONS[1]

The gravamen of Hartman's claim is that on April 6, 2022, her son was shot to death by Philadelphia police officers, and the shooting was not adequately investigated.  (Compl. at 5.)

---

[1] The factual allegations set forth in this Memorandum are taken from Hartman's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Hartman's pleadings will be corrected for clarity.

She alleges that on that date, police officers from the 9th District chased her son from the Arrott Bus Terminal to Grisom and Leiper Streets to arrest him. (*Id.*) Hartman's son was shot in the course of the officers' efforts to detain him. (*Id.*) She claims that her son did not fire on the officers, but rather dropped his weapon upon first being shot. (*Id.*) She further claims that he was shot more than one time. (*Id.*) After the shooting, Hartman was called to the scene, where she inquired about dashcam footage from the police officers' cruiser. (*Id.*) Hartman alleges that her son was recording the incident as it occurred and as a result, the police have not released his personal belongings to her. (*Id.*) She further alleges that Krasner has not adequately investigated the shooting and as a result, the investigation is "cold." (*Id.*)

Hartman has experienced physical and emotional distress because her son is no longer present to protect her. (*Id.* at 6.) She has difficulty sleeping because she experiences repeated visions of the shooting. (*Id.*) She asserts a Fourteenth Amendment due process claim, and a claim for breach of contract.[2] (*Id.* at 4.) She seeks money damages. (*Id.* at 7.)

## II.   STANDARD OF REVIEW

The Court will grant Hartman leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[2] In her Complaint, Hartman refers specifically to 42 Pa. Stat. and Cons. Stat. § 5525, which describes causes of action subject to a four-year limitations period under Pennsylvania law. (Compl. at 4.) These include a variety of contract-based actions. However, there are no factual allegations in the Complaint to support a contract-based claim. Passing references to legal provisions are insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court.") (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Hartman is proceeding *pro se*, the Court construes her allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

Hartman asserts claims based on alleged violations of her constitutional rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A.    Claim Against Philadelphia Police, 9th District

The Court understands Hartman to assert an excessive force claim against the 9th District based on her son's 2022 shooting death.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality);

*Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Philadelphia Police, 9th District is not a proper defendant in this case under Section 1983 and will be dismissed.

### B.    Claim Against Krasner

Hartman asserts a claim against Philadelphia District Attorney Krasner and the Court understand the claim to arise from his alleged inadequate investigation of the case, which has left the investigation "cold." (Compl. at 5.) Hartman's claim against Krasner is not plausible.

Private citizens do not have a constitutionally protected right to investigation of criminal charges. *See Sanders v. Downs*, No. 08-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar. 9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (quoting *Fuchs v. Mercer County,* 260 F. App'x 472, 475 (3d Cir. 2008) (alterations in the original); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."); *Nedab v. Lencer*, No. 06-54, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (holding that plaintiff lacked standing to assert a constitutional violation premised on a state police officer's alleged failure to investigate and file criminal charges related

5

to an assault against the plaintiff).  Accordingly, Hartman's claims against Krasner based on his alleged failure to investigate her son's death is not plausible and will be dismissed.

### C.    Claim Against the City

Hartman also asserts a claim against the City of Philadelphia.  To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  It is not enough, however, to allege the existence of a policy or custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.  *Id.*  Allegations that simply paraphrase the standard for municipal liability are too vague and generalized to support a claim against the City.  *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).  Also, "[i]t is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

Hartman does not include any factual allegations in her Complaint to support her claim against the City.  Had she included allegations describing a custom or policy of the City that guided Krasner's conduct, they would not state a plausible claim, because as the Court has

6

explained, Krasner's alleged failure to investigate Hartman's son's death does not give rise to a constitutional violation. Also, the county district attorney is a distinct "policy maker" under Pennsylvania law, meaning the City is not subject to *Monell* liability arising from a prosecutorial policy. *See Pownall v. Krasner*, 675 F. Supp. 3d 517, 530 (E.D. Pa. 2023), aff'd, No. 23-2049, 2024 WL 4164621 (3d Cir. Sept. 12, 2024) ("to the extent that Pownall seeks to impose liability on the City for any alleged municipal policies or customs pertaining to his prosecution, such claims necessarily fail for the lack of a municipal policymaker").

Finally, had Hartman included allegations describing a custom or policy of the City that resulted in the alleged excessive force engaged in by the officers involved in the shooting, the claim would be time-barred.

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Pennsylvania statute of limitations for a personal injury action is two years, not the four years alluded to in the Complaint. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Hartman's § 1983 claim is two years. Further, a claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Finally, "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d

152, 157 (3d Cir. 2017); *Dotson v. Galapio*, No. 24-1204, 2024 WL 1736373, at *1 (3d Cir. Apr. 23, 2024) (affirming district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of excessive force claims as time-barred where the expiration of the statute of limitations was apparent on the face of the complaint).

Hartman's excessive force claim accrued on April 6, 2022, the day the police officers allegedly shot her son.  Hartman, who alleges she was summoned to the scene of the shooting, knew or should have known of her injuries on that date.  *See Sorokaput v. Fare*, No. 21-2188, 2022 WL 3043154, at *1 (3d Cir. Aug. 2, 2022) ("Excessive force claims typically accrue on the date of the alleged assault because, at that point, the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."); *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. County of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). However, Hartman did not file her Complaint until February 13, 2026, nearly four years after her claim accrued.  Accordingly, her excessive force claim, and her derivative municipal liability claim, are time-barred and will be dismissed.  *See Weaver v. Brozell*, No. 23-2116, 2024 WL 4476496, at *6-*7 (W.D. Pa. Oct. 11, 2024) (granting motion to dismiss untimely excessive force claim and associated *Monell* claim, because both claims accrued on same date) (citing cases).

8

IV.     CONCLUSION

For the foregoing reasons, the Court will grant Hartman leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Hartman will not be granted leave to file an amended complaint because to do so would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order accompanies this Memorandum.

BY THE COURT:

_____

**MARY KAY COSTELLO, J.**